Green, J.
delivered the opinion of the court.
This is a suit for services rendered the intestate of the plaintiff in error, (an aged lady.) as a nurse during her last illness. The defendant in error (who was plaintiff' below) proved on *230 the trial, by the attending physician, that the intestate of the defendant below was sick, and confined for a period of two months before she died; that he visited her very frequently before she died, sometimes twice a day, and sometimes in the night; that there was no white person in attendance on her except the plaintiff, who was always found there with her; there were a sufficient number of servants about the house; witness frequently left medicines with a prescription for Ann McAuly, which plaintiff administered.
The jury found a verdict for the plaintiff for ninety-five dollars and seventy-five cents. The defendant moved for a new trial, and read his affidavit, which states that he did not expect, from the situation of the docket, that the case would come on for trial the day it was called; but he had sent his brother to the court-house several times during the day to see about it; that he can prove on another trial by Ann Murrah, that the plaintiff is not entitled to recover any thing; that said witness had been summoned, and lived in town, but was not in the court-house when the cause was called; and that she has several children, and it would have been inconvenient for her to have remained in the court-house; that when the cause was called, an officer was dispatched immediately for the witness, but before she arrived the plaintiff had concluded her evidence and the argument of the cause had commenced. The affidavit of Ann Murrah was also read, in which she states, that she frequently visited Ann McAuly during her illness; that she always found Caroline Lockhart there; but' that she was at her own work, making dresses; that she never saw her do any thing for Ann McAuly, except to call a servant; that there were plenty of servants, and that Caroline Lockhart’s services were not needed, and that she heard Ann McAuly tell Caroline Lock-hart that she did not want her. The court refused a new trial, and the defendant appealed to this court.
We think there is no error in this record. It is not pretended that the court erred in the trial; but it is insisted that the defendant has given a good excuse why his witness was absent, and that if her testimony had been before the jury, they would have found differently.
*231 In the first place, we do not think the excuse for the absence of the witness is sufficient. • The fact that a party may form the opinion, from looking at the docket, that his cause will not come on a particular day, and consequently make ho preparation for the trial,, is certainly no reason for setting aside a verdict. The inconvenience of the atlendance of the witness, does not appear to have been greater than-every óthér witness,' who has duties at home, experiences. There is, therefore,' no sufficient reason why the witness was not present.- --I .- .
2. But if this evidence had been hea,rd, it ought not to have altered the verdict; 'The'intestate.of.the defendant was an" aged lady, ill and confined for two months', under medical treatment, and there was ho white' person to wait on her, or admim istef medicines, except the plaintiff. ' It is 'true there were servants, but they could not be trusted to give the medicines; could not read the prescriptions of the physician, and'were everyway unfit to wait upon a sick lady without the presence and direction of some white person.
Let-the judgment be affirmed.